July 25, 2015                                                     06,724/01

The Court of Criminal Appeals                    Harold B. Davis 683919
P.O. Box 12308                                   1300 FM 655 RECEIVED Jas. T. Terrell
Austin, Texas 78711-2308                         Rosharon, Texas 77583

RECEIVED
COURT OF CRIMINAL APPEALS
AUG 03 2015
Abel Acosta, Clerk

Attention Clerk: Abel Acosta
Subject: Introduction: Forwarded Document From Texas Supreme Court;
         Extraordinary Writ - Writ of Error @ Fraud-On-Court.

Dear Sir:

Recently, after receiving a form letter of rejection from the Supreme Court of Texas dated June 24, 2015, I have requested that the document be forwarded to the Court of Criminal Appeals as of July 18, 2015. Clerk, please route these presents to the appropriate justice. Thank you.

The synopsis of the document could be "Unlawful Incarceration Issues at the Court of Criminal Appeals are Meritorious at Fraud-On-Court; A Fraudulent Death Certificate" Where Defendant revealed in active court (TRL) objection to its authenticity to trial and Mott Registra. Knowledge of the actual commission of felony (Fraud) is an element of "Misprision of a Felony" (18 USCA Chap I Sect 4 Note 3 #2 and In re Grand Jury Investigation 412 F Supp 943).

While I cannot engage an order for a certificate of life in comparing fingerprints (ID) before "Death" and after, I request substantive directives to simply call on the State's Decedent either at home or at work. And while Fraud-On-Court makes a criminal presentation meritorious, the Fraudulent Death Certificate exemplifies the Defendant, barring sudden passion in juxtaposition to the Decedent's assault with a deadly weapon. Firstly (video recording was withheld evidence; remaining intact). In order to establish the occupancy of the Decedent, these investigative efforts would be required.

Also, at "Conlotations" Page 4-5 of the Petition for Remittitur, "Exceptio Rei Judicatum: Ab Testificandum"; 18 USCA 1512, 1512A Tampering with a witness to prevent proper production, or to prevent attendance or testimony of any person in an official proceeding in attempting to kill (stop) proceedings by fraudulent performance of a record, is a felony and justifies "plain error" where dismissal of Defendant's objection vexed this principle of evidence (TRL).

Due to length of stay in prison (22 yrs 9 mos) the writ also calls for "Liability Ex-Delicto" (exemplary) according to Texas Tort Claims Act shown at 28 USCA Chap 171 ss 2671, Id @ 2677, with: of City Gen 28 USCA ss 1346(b) after commencement of an action.

Respectfully,

Harold B. Davis
Appellant and Appellee

DATE: 8/4/15

FILE IN WRIT FILE

BY: _____

# In The Court Of Criminal Appeals

## — Introduction —

Of Document Forwarded From The Texas Supreme Court As Extraordinary Writ — Writ of Error @ Fraud-On-Court.

By Harold B. Davis

Appellant And Appellee

## — Oath of Affidavit —

WHEREAS, I, Harold Benjamin Davis SBDT No. 10582900 And TDCJ-ID No. 683919, DO HEREBY AFFIRM THAT ALL PREVIOUS INFORMATION IS TRUE AND CORRECT IN ACCORDANCE WITH STATE LAW (VTCA, CP&RC SECT 132.001 — 132.003) AND FEDERAL LAW (28 USCA, FRCDP SECT 1731, 1746X, 1781 AND 1821 ExC) WHICH ALLOWS WITNESS (VTCA CP&RC ART 137.003) TO ANY GRAND JURY WITHOUT CHARGE OF NOTARY PUBLIC, SUBJECT TO ALL PENALTIES OF PERJURY!

Executed this ___25th___ day of ___July___, 2015.

Respectfully,

Harold B. Davis 683919
1300 FM 655 — Chas. T. Terrell
Rosharon, Texas 77583